# FINAL REPORT[1]

## Recommendation 3-2018, Minor Court Rules Committee

*Amendment of Pa.R.C.P.M.D.J. No. 402*

ENTRY OF JUDGMENT

## I.    Introduction

The Minor Court Rules Committee ("Committee") recommended amendments to Rule 402 of the Pennsylvania Rules of Civil Procedure before Magisterial District Judges ("Rules"). Rule 402 addresses entry of judgment with a court for the purpose of seeking execution. The amendments will (1) clarify the procedure for a request for an order of execution that will take place outside the magisterial district court where the judgment was rendered, and (2) add the Philadelphia Municipal Court as an additional court where a magisterial district court judgment may be entered for the purpose of seeking an order of execution.

## II.    Background and Discussion

Request for an Order of Execution

The Committee received inquiries in recent years regarding a magisterial district judge's authority to reject a request for an order of execution that will occur outside the county where the judgment was rendered (*i.e.*, an out-of-district execution[2]), and, instead, require that the plaintiff go directly to a magisterial district court in the other county to pursue execution. The Committee believed that this scenario was not consistent with the Rules, and found that clarification of Rule 402 would be useful for the bench and bar.

Rule 402A addresses entering the judgment for execution in the magisterial district where it was rendered and is silent on the question of where the execution will take place. Rule 402A provides:

> Execution of judgment for the payment of money rendered by a magisterial
> district judge *may* be ordered by a magisterial district judge in whose office

---

[1] The Committee's Final Report should not be confused with the Official Notes to the Rules.  Also, the Supreme Court of Pennsylvania does not adopt the Committee's Official Notes or the contents of the explanatory Final Reports.

[2] A plaintiff may seek an out-of-district execution because the defendant owns tangible, non-perishable, personal property that can be levied upon outside the district where the action took place. The Magisterial District Judge System ("MDJS") has automated procedures in place to accommodate out-of-district executions.

the judgment was rendered or entered provided the plaintiff files in that office

> (1)    not before the expiration of 30 days from the date the judgment is entered by the magisterial district judge, and
>
> (2)    within five years of that date,

a request for an order of execution.

Pa.R.C.P.M.D.J. No. 402A (emphasis added).

In contrast, Rule 402C provides:

> A plaintiff *may* enter the judgment, for the purpose of requesting an order of execution thereon, in an office of a magisterial district judge other than that in which it was rendered only if levy is to be made outside the county in which the judgment was rendered and the office in which the judgment is entered for execution is that of a magisterial district judge whose magisterial district is situated in the county in which levy is to be made.

Pa.R.C.P.M.D.J. No. 402C (emphasis added).

The discretionary language used in Rules 402A and C is for the sole benefit of the plaintiff to elect where to enter the judgment for execution. Moreover, the directive language of Rule 403A provides that "[u]pon the filing of the request form, the magisterial district judge shall note on the form the time and date of its filing and *shall* issue the order of execution thereon." (Emphasis added.)

The Committee recommended adding new subparagraph A(2) to Rule 402, as well as amending the Official Note to Rule 402, to clarify that the magisterial district judge in whose office the judgment was rendered or entered shall accept all timely requests for an order of execution on that judgment, even when the property to be levied upon is located outside the county of the magisterial district where the judgment was rendered or entered.

<u>Entering Judgments in the Philadelphia Municipal Court</u>

In addition to providing for entering judgments in magisterial district courts, Rule 402 also provides that a plaintiff may enter a judgment rendered by a magisterial district court in the court of common pleas of any county. *See* Rule 402D(1). When entered in the court of common pleas, the judgment is subject to the indexing, revival, and execution procedures applicable in the court of common pleas. *Id.* Entering a judgment in the court of common pleas, and submission of proof thereof to the magisterial district court, has the

effect of vacating the underlying magisterial district court judgment, so that only one judgment remains in effect for execution purposes. *See* Rule 402D(4).

While reviewing Rule 302 (pertaining to venue) on a separate matter, the Committee observed that the venue rule specifically permits the transfer of cases to and from the Philadelphia Municipal Court, while the rule on entry of judgments limits transfers to a magisterial district court or a court of common pleas. The Committee agreed that permitting entry of judgments in the Philadelphia Municipal Court would be useful to litigants, and discussed amending Rule 402 to add the Philadelphia Municipal Court as a court where a plaintiff may enter a magisterial district court judgment.

The Philadelphia Municipal Court Rules of Civil Practice permit entry of judgments from other courts: "[j]udgments of other Pennsylvania jurisdictions within the jurisdictional amount of this court may be transferred to this court by filing a certified copy of all the docket entries in the action and a certification of the amount of judgment or a certified copy of the transcript of the judgment." *See* Phila. M.C.R. Civ.P. No. 125a. Judgments entered in Philadelphia Municipal Court are treated in the same manner as judgments entered in the Court of Common Pleas of Philadelphia County.

> Judgment recovered in the Philadelphia Municipal Court shall be a lien upon property in the same manner and to the same extent that judgment recovered in the Court of Common Pleas of Philadelphia County is a lien. All such judgments shall be indexed in the judgment index or indices of Philadelphia County in the same manner as judgments of the court of common pleas are indexed.

42 Pa.C.S. § 1124. With regard to judgments of magisterial district courts, 42 Pa.C.S. § 1516, referenced in the Official Note to Rule 402, provides:

> [a] judgment of a magisterial district judge shall not operate as a lien on real property until a transcript of the record showing a final judgment of a magisterial district judge has been filed in the manner prescribed by general rules in the office of the clerk of the court of common pleas of the county where the property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

42 Pa.C.S. § 1516.

Permitting entry of judgments in the Philadelphia Municipal Court would achieve consistency between the courts, and provide litigants with an additional venue to initiate the judgment enforcement process.

### III.   Rule Changes

With regard to requests for out-of-district executions, the Committee recommended amending Rule 402 and the Official Note to Rule 402. New paragraph A(2) provides that the magisterial district judge in whose office the judgment was rendered or entered shall accept all timely requests for an order of execution on that judgment, even when the property to be levied upon is located outside the county of the magisterial district where the judgment was rendered or entered. The amendments to the Official Note also explain that the discretionary language used throughout Rule 402 is intended to reflect the various options available to the plaintiff for executing upon a judgment rendered by a magisterial district judge. The Committee also recommended noting the contrast with Rule 403A, which provides that "[u]pon the filing of the request form, the magisterial district judge…shall issue the order of execution thereon."

The Committee recommended adding the Philadelphia Municipal Court as a court where a magisterial district court judgment can be entered for the purpose of pursuing execution. This is reflected by adding the Philadelphia Municipal Court throughout paragraphs D and E of the rule, as well as pertinent references in the Official Note.

The Committee recommended minor stylistic changes throughout Rule 402.

4